JS 44 (Rev. 10/20)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Angelinel M. Brown, 1608 E. Barringer St., Phila., PA 19150

**(b)** County of Residence of First Listed Plaintiff: **Philadelphia**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Law Offices of William J. Fox, P.C. (215) 546-2477
100 N. 20th Street, Ste. 303, Philadelphia, PA 19103

## DEFENDANTS
City Of Philadelphia, Sheriff's Office, C/O Law Dept.
1515 Arch Street, Phila., PA 19102

County of Residence of First Listed Defendant: **Philadelphia**
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*
- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [x] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane / [ ] 365 Personal Injury - Product Liability | [ ] 690 Other | [ ] 423 Withdrawal 28 USC 157 | [ ] 376 Qui Tam (31 USC 3729(a)) |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability / [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **PROPERTY RIGHTS** | [ ] 400 State Reapportionment |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | | [ ] 820 Copyrights | [ ] 410 Antitrust |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability / [ ] 368 Asbestos Personal Injury Product Liability | | [ ] 830 Patent | [ ] 430 Banks and Banking |
| [ ] 151 Medicare Act | [ ] 340 Marine | | [ ] 835 Patent - Abbreviated New Drug Application | [ ] 450 Commerce |
| [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans) | [ ] 345 Marine Product Liability / **PERSONAL PROPERTY** | **LABOR** | [ ] 840 Trademark | [ ] 460 Deportation |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle / [ ] 370 Other Fraud | [ ] 710 Fair Labor Standards Act | [ ] 880 Defend Trade Secrets Act of 2016 | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability / [ ] 371 Truth in Lending | [ ] 720 Labor/Management Relations | | [ ] 480 Consumer Credit (15 USC 1681 or 1692) |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury / [ ] 380 Other Personal Property Damage | | **SOCIAL SECURITY** | [ ] 485 Telephone Consumer Protection Act |
| [ ] 195 Contract Product Liability | [ ] 362 Personal Injury - Medical Malpractice / [ ] 385 Property Damage Product Liability | [ ] 740 Railway Labor Act | [ ] 861 HIA (1395ff) | [ ] 490 Cable/Sat TV |
| [ ] 196 Franchise | | [ ] 751 Family and Medical Leave Act | [ ] 862 Black Lung (923) | [ ] 850 Securities/Commodities/Exchange |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | [ ] 790 Other Labor Litigation | [ ] 863 DIWC/DIWW (405(g)) | [ ] 890 Other Statutory Actions |
| [ ] 210 Land Condemnation | [ ] 440 Other Civil Rights / **Habeas Corpus:** | [ ] 791 Employee Retirement Income Security Act | [ ] 864 SSID Title XVI | [ ] 891 Agricultural Acts |
| [ ] 220 Foreclosure | [ ] 441 Voting / [ ] 463 Alien Detainee | | [ ] 865 RSI (405(g)) | [ ] 893 Environmental Matters |
| [ ] 230 Rent Lease & Ejectment | [x] 442 Employment / [ ] 510 Motions to Vacate Sentence | | **FEDERAL TAX SUITS** | [ ] 895 Freedom of Information Act |
| [ ] 240 Torts to Land | [ ] 443 Housing/Accommodations / [ ] 530 General | | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 896 Arbitration |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment / [ ] 535 Death Penalty | **IMMIGRATION** | [ ] 871 IRS—Third Party 26 USC 7609 | [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities - Other / **Other:** / [ ] 540 Mandamus & Other | [ ] 462 Naturalization Application | | [ ] 950 Constitutionality of State Statutes |
| | [ ] 448 Education / [ ] 550 Civil Rights / [ ] 555 Prison Condition / [ ] 560 Civil Detainee - Conditions of Confinement | [ ] 465 Other Immigration Actions | | |

## V. ORIGIN *(Place an "X" in One Box Only)*
- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Title VII of 1964 Civil Rights Act and ADEA

Brief description of cause:
Discrimination/Retaliaion in the workplace

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
JURY DEMAND: [x] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions)*
JUDGE _____ DOCKET NUMBER _____

DATE: December 2, 2025

SIGNATURE OF ATTORNEY OF RECORD: *[signature: W.J. Fox]*

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

10/2024

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

DESIGNATION FORM

Place of Accident, Incident, or Transaction: __Philadelphia, PA_____

---

***RELATED CASE IF ANY:*** Case Number: __20-CV-00421_____ Judge: __Karen S. Marston_____

1. Does this case involve property included in an earlier numbered suit?  Yes ☐

2. Does this case involve a transaction or occurrence which was the subject of an earlier numbered suit?  Yes ☒

3. Does this case involve the validity or infringement of a patent which was the subject of an earlier numbered suit?  Yes ☐

4. Is this case a second or successive habeas corpus petition, social security appeal, or pro se case filed by the same individual?  Yes ☐

5. Is this case related to an earlier numbered suit even though none of the above categories apply? If yes, attach an explanation.  Yes ☐

I certify that, to the best of my knowledge and belief, the within case ☒ **is** / ☐ **is not** related to any pending or previously terminated action in this court.

---

**Civil Litigation Categories**

*A.* ***Federal Question Cases:***

☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts)
☐ 2. FELA
☐ 3. Jones Act-Personal Injury
☐ 4. Antitrust
☐ 5. Wage and Hour Class Action/Collective Action
☐ 6. Patent
☐ 7. Copyright/Trademark
☒ 8. Employment
☐ 9. Labor-Management Relations
☐ 10. Civil Rights
☐ 11. Habeas Corpus
☐ 12. Securities Cases
☐ 13. Social Security Review Cases
☐ 14. Qui Tam Cases
☐ 15. Cases Seeking Systemic Relief *see certification below*
☐ 16. All Other Federal Question Cases. *(Please specify)*:_____

*B.* ***Diversity Jurisdiction Cases:***

☐ 1. Insurance Contract and Other Contracts
☐ 2. Airplane Personal Injury
☐ 3. Assault, Defamation
☐ 4. Marine Personal Injury
☐ 5. Motor Vehicle Personal Injury
☐ 6. Other Personal Injury *(Please specify)*:_____
☐ 7. Products Liability
☐ 8. All Other Diversity Cases: *(Please specify)*_____

I certify that, to the best of my knowledge and belief, that the remedy sought in this case ☐ **does** / ☒ **does not** have implications beyond the parties before the court and ☐ **does** / ☒ **does not** seek to bar or mandate statewide or nationwide enforcement of a state or federal law including a rule, regulation, policy, or order of the executive branch or a state or federal agency, whether by declaratory judgment and/or any form of injunctive relief.

---

**ARBITRATION CERTIFICATION (CHECK ONLY ONE BOX BELOW)**

I certify that, to the best of my knowledge and belief:

☒ Pursuant to Local Civil Rule 53.2(3), this case is not eligible for arbitration either because (1) it seeks relief other than money damages; (2) the money damages sought are in excess of $150,000 exclusive of interest and costs; (3) it is a social security case, includes a prisoner as a party, or alleges a violation of a right secured by the U.S. Constitution, or (4) jurisdiction is based in whole or in part on 28 U.S.C. § 1343.

☐ None of the restrictions in Local Civil Rule 53.2 apply and this case is eligible for arbitration.

NOTE: A trial de novo will be by jury only if there has been compliance with F.R.C.P. 38.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| Angelinel M. Brown | : | CIVIL ACTION |
| v. | : | |
| City of Philadelphia, Sheriff's Office, C/O City Law Department | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

### SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.  ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.  ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.  ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.  ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)  ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.  (X)

| December, 2, 2025 | William J. Fox, Esq. | Angelinel M. Brown |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for Plaintiff** |
| (215) 546-2477 | | wjf@billfoxlaw.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02



IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANGELINEL M. BROWN<br>1608 East Barringer Street<br>Philadelphia, PA 19150 | :<br>:<br>: |
| Plaintiff | : |
| v. | : |
| CITY OF PHILADELPHIA<br>SHERIFF'S OFFICE<br>C/O CITY LAW DEPARTMENT<br>1515 Arch Street<br>Philadelphia, PA 19102 | :<br>:<br>:<br>: |
| Defendant | : |

## COMPLAINT

1. This Court has jurisdiction over this matter under Title VII of the 1964 Civil Rights Act, et seq.; and, the Age Discrimination in Employment Act giving rise to Federal Question Jurisdiction pursuant to 28 U.S.C. § 1331 and Civil Rights Jurisdiction pursuant to 28 U.S.C. § 1347.

2. This Court has supplemental jurisdiction over Plaintiff's state law claims made herein pursuant to 28 U.S.C. § 1367, as the claim is so related to claims in the action within such original jurisdiction of this Court that they form part of the same case or controversy.

3. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because the parties reside in this district, regularly conduct business in this district and the incidents in controversy occurred in this district.

1

## PARTIES

4. Plaintiff, Angelinel M. Brown, is 54 years of age and her religion is Christian. Plaintiff resides at the above-captioned address.

5. Defendant, City of Philadelphia Sheriff's Office, maintains offices at 100 S. Broad Street, Philadelphia, PA 19110.

## FACTS

6. Plaintiff has been employed by Defendant since 2006 and presently holds the rank of Lieutenant.

7. In or around September of 2019, Plaintiff filed a charge of discrimination alleging gender discrimination and harassment against the City of Philadelphia Sheriff's Office. This action was protected activity.

8. On November 6, 2019, Rochelle Bilal was elected as Sheriff and is presently the Sheriff of Philadelphia. Sheriff Bilal's religion is Muslim.

9. On January 6, 2020, Sheriff Bilal began her first term as Sheriff.

10. In December of 2019, Plaintiff engaged in protected activity when she signed an affidavit that supported the claims of discrimination made by her coworker, Richard Verrecchio.

11. In 2020, Plaintiff engaged in protected activity when she filed a complaint of discrimination and harassment in the United States District Court For The Eastern District. This matter was resolved in or around June of 2021.

12. In 2020, Plaintiff informed Sheriff Bilal that she had pending claims of discrimination and harassment against the Sheriff's Office.

13. On or about March In February of 2020, Plaintiff was simultaneously promoted to

the position of Lieutenant and then to the position of Deputy Chief.

14. After being promoted to Deputy Chief, Sheriff Bilal notified Plaintiff that she would receive a substantial increase in pay.

15. At all times relevant, Plaintiff performed her duties at or above expectations.

16. Since March of 2021 through the present, Plaintiff has been subjected to retaliation discrimination and harassment. The incidents of retaliaion, discrimination and harassment include, but are not limited to, the following:

    A. Subjecting Plaintiff to unfair scrutiny and ridiculing her in front of her peers and subordinates on multiple occasions;

    B. Excluding and alienating Plaintiff from meetings and from key decision making matters;

    C. On multiple occasions, denying Plaintiff training but allowing substantially younger coworkers to receive training;

    D. Sheriff Bilal sought to remove Plaintiff's civil service status for the purposes of making Plaintiff an at will employee which would have caused her to lose any union protection against Sheriff Bilal's retaliatory adverse actions against Plaintiff;

    E. Sheriff Bilal transferred Plaintiff from her position as Deputy Chief of the Training Unit, which she had successfully handled, and replaced her with a younger employee;

        i. After the transfer, Plaintiff was assigned to a different position with less responsibilities.

        ii. After the transfer, Sheriff Bilal assigned Deputy Chief Parsons and Plaintiff to share the same office (when other office space was available) while substantially

younger subordinates were not required to share offices with other peers;

  F. Assigning Plaintiff's duties to an employee with a lower rank and requiring Plaintiff to train said employee;

  G. Making derogatory comments about Plaintiff serving on the Board of the Pennsylvania Commission on Crime and Delinquency (known as the "PCCD") and denigrating Plaintiff's ability and qualifications to serve on the PCCD Board.

  H. Failing to increase Plaintiff's salary after promoting her from Lieutenant to Deputy Chief; and,

  I. Wrongfully issuing a statement of charges against Plaintiff regarding a matter that had occurred a year earlier.

17. For a period of time that Plaintiff held the position of Deputy Chief, Sheriff Bilal denied Plaintiff the opportunity to earn overtime.

18. On June 20, 2023, even though Plaintiff was the most qualified candidate to be promoted to Captain, Sheriff Bilal denied her the promotion and, instead, promoted two individuals that are substantially younger and less qualified than Plaintiff.

19. On August 7, 2023, for no legitimate reason and no articulated reason, Sheriff Bilal demoted Plaintiff from her appointed position as Deputy Chief to the rank of Lieutenant.

20. After being demoted, Sheriff Bilal took away her office and assigned vehicle.

21 During the time that Plaintiff worked as a Deputy Chief, Sheriff Bilal gave preferential treatment to her peers who were, and are, substantially younger than Plaintiff with regard to the terms and conditions of her employment.

22. Defendant's aforesaid actions constitute age and religious discrimination and

retaliation.

23. Defendant's aforesaid actions violate Title VII, the ADEA and PHRA.

24. Any reasons that Defendant alleges for the aforesaid adverse actions, which include demotion and failure to promote, are false and a pretext.

25. The real reasons that Plaintiff suffered adverse action with regard to the terms and conditions of her employment was because of her age, religion and the fact that she engaged in multiple incidents of protected activity.

26. Defendant's aforesaid discrimination, harassment and retaliation against Plaintiff was based on Plaintiff's age and religion in violation of Title VII of the 1964 Civil Rights Act, et seq., ADEA and the PHRA.

27. Defendant's adverse actions against Plaintiff regarding the terms and conditions of her employment constitutes retaliation in violation of Title VII, ADEA and PHRA.

### Count I - Title VII

28. Plaintiff incorporates by reference paragraphs 1 through 27 of this Complaint as though same were fully set forth at length herein.

29. Plaintiff has exhausted her administrative remedies and received a right to sue letter from the EEOC.

30. Defendant has discriminated against Plaintiff because of her religion in violation of 42 U.S.C. § 2000e *et seq.*

31. Defendant's aforesaid adverse actions against Plaintiff regarding the terms and conditions of her employment, violated Title VII because it was based on Plaintiff's religion.

32. Defendant's aforesaid adverse actions against Plaintiff regarding the terms and

conditions of her employment was retaliatory because Plaintiff had previously engaged in multiple incidents of protected conduct against Defendant.

33. Any non-discriminatory and/or non-retaliatory reasons offered by Defendant for their aforesaid actions are false and constitute a pretext.

34. Defendant's aforesaid discriminatory and retaliatory actions against Plaintiff constitute religious discrimination and retaliation in violation of 42 U.S.C. § 2000e *et seq*.

35. As a result of Defendant's aforesaid conduct, Plaintiff has suffered lost wages and benefits, humiliation, mental anguish, emotional distress, associated stress, pain and suffering and other injuries.

36. Plaintiff seek all damages allowable under Title VII, including back pay, front pay, compensatory damages, punitive damages, counsel fees and costs of suit.

### Count II - ADEA

37. Plaintiff hereby incorporates by reference paragraphs 1 through 36 of this Complaint as though same were fully set forth at length herein.

38. At all times relevant, Plaintiff was well qualified for her position, including the positions that she applied for.

39. Plaintiff has exhausted her administrative remedies and received a right to sue letter from the EEOC.

40. Defendant has discriminated against Plaintiff because of her age in violation of the ADEA.

41. Defendant's aforesaid adverse actions, including the failure to promote Plaintiff to the rank of Captain, violated the ADEA because it was based on Plaintiff's age.

42. Defendant's decision to discharge Plaintiff was also retaliatory because Plaintiff had

6

previously engaged in protected conduct against Defendant.

43. Any non-discriminatory and/or nonretaliatory reasons offered by Defendant for their aforesaid actions are false and constitute a pretext.

44. Defendant's aforesaid discriminatory and retaliatory actions against Plaintiff were willful and constitute age discrimination and retaliation in violation of the ADEA.

45. As a result of Defendant's aforesaid conduct, Plaintiff has suffered lost wages and benefits.

46. Plaintiff seek all damages allowable under ADEA, including back pay, front pay, liquidated damages, counsel fees and costs of suit.

### COUNT III - State Law Claims

47. Plaintiff incorporates by reference paragraphs 1 through 46 of this Complaint as though same were fully set forth at length herein.

48. The conduct of Defendants as alleged in the foregoing claims for relief constitutes discrimination and retaliation in violation of the Pennsylvania Human Relations Act and other State and Local laws and ordinances.

49. Defendant has at all times material to the foregoing claims acted willfully and with malice toward Plaintiff. Defendant knew, or reasonably should have known, that the aforementioned conduct was a violation of its handbook, policies and work rules and the laws of Pennsylvania and the United States. Defendant took no action to cease its wrongful conduct, and, in fact, committed further acts designed to cover the patent discrimination against Plaintiff because of her religion, age and because she had engaged in protected activity on multiple occasions.

**WHEREFORE,** Plaintiff, Angelinel M. Brown, demands judgment in her favor against Defendants and seeks relief as follows:

A)   Awarding compensatory damages;

B)   Awarding interest calculated at the prevailing rate;

C)   Awarding equivalent pay, back pay, front pay, liquidated damages, loss of fringe benefits and all other relief allowed under the law;

D)   Awarding reasonable attorney's fees, expert witness fees and other costs of the action; and

E)   Granting such other relief as the Court deems just and appropriate.

Dated: December 2, 2025

_____
WILLIAM J. FOX, ESQUIRE
Law Offices Of William J. Fox, P.C.
100 N. 20th Street, Suite 303
Philadelphia, PA 19103
(215) 546-2477
Attorney for Plaintiff

8